UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAD ALLEN BEERS, )
)
Petitioner, )
) **Case: 1:16-cv-01016**
) Assigned To : Unassigned
v. ) Assign. Date : 5/31/2016
) Description: Pro Se Gen. Civ.
LORETTA E. LYNCH, *et al.*, )
)
Respondents. )

## MEMORANDUM OPINION

The petitioner is a federal prisoner who "seeks an Order from this Court to compel the [Respondents] to perform their official duties[.]" Pet. at 1-2. Specifically, the petitioner wants the respondents to recalculate his sentence to account for a period of time during which the United States relinquished its primary custody of him to the state of Nebraska. *See id.* at 4-5. In other words, the petitioner demands that the respondents award credit all the time he was on escape status and all the time he spent in Nebraska's custody toward service of his federal sentence. Had the respondents awarded the proper credit, the petitioner claims, he "should have been released from federal custody sometime in 2014. *Id.* at 7.

Through this petition for a writ of mandamus, the petitioner attempts to obtain the relief denied him in a prior habeas action. The United States District Court for the District of Kansas denied the petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241, and on appeal the United States Court of Appeals for the Tenth Circuit rejected the petitioner's argument that the Federal "Bureau of Prisons should credit against his federal sentence all the time he spent in Nebraska state prisons . . . and in this way transform his time served [in Nebraska] from a



consecutive to [a] concurrent term of imprisonment." *Beers v. Maye*, 611 F. App'x 933, 935 (10th Cir. 2015).[1]

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). This petitioner fails to meet his burden. Furthermore, under the doctrine of *res judicata*, the prior judgment on the merits of the petitioner's sentence computation claim bars him from relitigating the same claim. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979). And "where *res judicata* applies, it bars relitigation not only as to all matters which were determined in the previous litigation, but also as to all matters that might have been determined." *Natural Res. Def. Council, Inc. v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988) (citation omitted); *see Allen v. McCurry*, 449 U.S. 90, 94 (1980). Thus, the petitioner cannot now obtain a writ of mandamus after having been denied a writ of habeas corpus based on the same underlying facts.

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE: May 24, 2016

_____
United States District Judge

---

[1] The petitioner has provided a copy of the Tenth Circuit's Order and Judgment as an exhibit to his petition for a writ of mandamus. *See* Pet., Ex. 1.